## NEW YORK COMMON PLEAS — GENERAL TERM, OCTOBER, 1893.

### PEOPLE v. SAMUELS & COHEN.

MOTION to vacate and discharge a judgment entered upon a forfeited recognizance.

*De Lancey Nicoll*, for people.

*M. B. & A. M. Maclay*, for petitioners.

DALY, Ch. J. I think that the application should be granted. This was a surety for the appearance of a prisoner during examination. After default the prisoner was indicted by the grand jury and afterwards discharged, together with his bail in the indictment. It would seem unnecessary, therefore, to enforce the recognizance for his original examination.

BISCHOFF and PRYOR, JJ., concur.
Motion granted.

---

### LINDHEIM v. NEW YORK ELEVATED RAILROAD COMPANY and MANHATTAN RAILWAY COMPANY.

APPEAL by defendants from a judgment for plaintiff which was entered on the report of a referee.

Action to restrain the maintenance and operation of defendants' elevated railroad in the street in front of plaintiff's premises, and to recover for past damage to the rental value thereof.

74

*J. Aspinwall Hodge, Jr.*, for plaintiff (respondent).

*R. L. Maynard*, for defendants (appellants).

*Per Curiam.* Neither the amount of past damages awarded, nor the sum fixed by the referee as compensation for damage to the fee, upon payment of which the injunction directed to issue is to become inoperative, appears to be excessive. The evidence is identical with that in the *Struthers* case, and affects the next adjoining premises. The grounds urged for reversal on this appeal do not differ from those already considered and held by us to be invalid. *Struthers* v. *N. Y. Elev. R. R. Co. et al., ante*, page 239.

Judgment affirmed, with costs.